M/D-2

FORM FOR USE IN APPLICATIONS    2:07CV 252-1D

FOR HABEAS CORPUS UNDER 28 U.S.C. §2254

*LARRY Douglas Childers Sr*                    **RECEIVED**
Name
_____

*189222*                                          MAR 2 2 2007
Prison Number
_____

                                                        CLERK
                                                  U.S. DISTRICT COURT
*Kilby Corn Facitily*                            MIDDLE DIST. OF ALA.
Place of Confinement

United States District Court *Middle*    District of *Alabama*

Case No. _____*2:07CV252 -1D*_____
(To be supplied by Clerk of U. S. District Court)

*LARRY Douglas Childers Sr* _____, PETITIONER
(Full name) (Include name under which you were convicted)

*Terrance McDonnell* _____, RESPONDENT
(Name of Warden, Superintendent, Jailor, or authorized person
having custody of Petitioner)

                              and  *Troy King*

THE ATTORNEY GENERAL OF THE STATE OF _____*Alabama*_____

_____, ADDITIONAL RESPONDENT.

     (if petitioner is attacking a judgment which imposed a sentence to be
served in the future, petitioner must fill in the name of the state where the
judgment was entered.  If petitioner has a sentence to be served in the future
under a federal judgment which he wishes to attack, he should file a motion
under 28 U.S.C. §2255, in the federal court which entered the judgment.)


PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN
STATE CUSTODY

INSTRUCTIONS--READ CAREFULLY

. (1) This petition must be legibly handwritten or typewritten and signed by the
     petitioner under penalty of perjury.  Any false statement of a material
     fact may serve as the basis for prosecution and conviction for perjury.
     All questions must be answered concisely in the proper space on the form.

     The Judicial Conference of the United States has adopted, effective 1/1/83,
     the 8-1/2 x 11 inch paper size standard for use throughout the federal
     judiciary and directed the elimination of the use of legal size paper. All
     pleadings, etc. filed after 12/31/82 must be on 8-1/2 x 11 inch paper
     otherwise we cannot accept them.

SCANNED
*Por 3·23·07*

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary filing fee, you may request permission to proceed in forma pauperis, in which event you must execute the declaration on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed in forma pauperis, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

(5) Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition is fully completed, the original and two copies *must be mailed to the Clerk of the United States District Court whose address is
            P. O. Box 711, Montgomery, Alabama  36101

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

   *If you are proceeding in forma pauperis, only the original petition needs to be filed with the Court.
                              PETITION

1. Name and location of court which entered the judgment of conviction under attack _Circuit Court of Colbert County_

2. Date of judgment of conviction _6-23-95_

3. Length of sentence _20 yrs_     Sentencing Judge _Tompkins_

4. Nature of offense or offenses for which you were convicted: _Manslaughter_
   _____
   _____
   _____

5. What was your plea? (check one)
   (a) Not guilty  (X)
   (b) Guilty      ( )
   (c) Nolo contendere  ( )
   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _____
   _____
   _____
   _____

6. Kind of trial:  (Check one)
   (a) Jury  (X)
   (b) Judge only ( )

7. Did you testify at the trial? Yes ( )  No (X)

8. Did you appeal from the judgment of conviction? Yes (X)  No ( )

9. If you did appeal, answer the following:
   (a) Name of court _A/A Court of Criminal Appeals_
   (b) Result _Denied_
   (c) Date of result _?_
   If you filed a second appeal or filed a petition for certiorari in the
   Supreme Court, give details; _Filed illegal City Ordance_
   _IT was Reviced And Remshed._

10. Other than a direct appeal from the judgment of conviction and sentence, have
    you previously filed any petitions, applications, or motions with respect
    to this judgment in any court, state or federal? Yes (X) No ( )

11. If your answer to 10 was "yes", give the following information:
    (a)(1) Name of court _A/A Court of Criminal Appeals_
       (2) Nature of proceeding _on Remand_
       (3) Grounds raised _Ammending inditment_



       (4) Did you receive an evidentiary hearing on your petition, application
           or motion? Yes ( ) No (X)
       (5) Result _N/A_
       (6) Date of result _?_
    (b) As to any second petition, application or motion give the same infor-
        mation:
       (1) Name of court _Gercuit Count of Colbert County_
       (2) Nature of proceeding _Rule 32 Newley Descovered endiance_
       (3) Grounds raised _Constilional Viglitans of Maranda_
           _Mranning_



       (4) Did you receive an evidentiary hearing on your petition, application
           or motion? Yes ( ) No (X)
       (5) Result _Denied_
       (6) Date of result _April 6 2006_

(c) As to any third petition, application or motion, give the same information:
    (1) Name of court _____ *N/A* _____
    (2) Nature of proceeding _____
      _____

    (3) Grounds raised _____
      _____
      _____
      _____
      _____
      _____

    (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ( ) No ( )
    (5) Result _____ *N/A* _____
    (6) Date of result _____
(d) Did you appeal to the highest state court having jurisdiction the result of any action taken on any petition, application or motion:
    (1) First petition, etc.      Yes ( ) No ( )
    (2) Second petition, etc.    Yes ( ) No ( )
    (3) Third petition, etc.     Yes ( ) No ( )
(e) If you did <u>not</u> appeal from the adverse action on any petition, application or motion, explain briefly why you did not: _____
    _____
    _____
    _____
    _____
    _____
    _____

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground.

    CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. As to all grounds on which you have previously exhausted state court remedies, you should set them forth in this petition if you wish to seek federal relief. If you fail to set forth all such grounds in this petition, you may be barred from presenting them at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted all your state court remedies with respect to them. However, <u>you should raise in this petition all available grounds</u> (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

    If you select one or more of these grounds for relief, you must allege facts in support of the ground or grounds which you choose. Do not check any of the grounds listed below. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest, [where the state has not provided a full and fair hearing on the merits of the Fourth Amendment claim].

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A.  Ground one: *Conviction obtained by a violation of the privilege against self incrimination*

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law): *See memorandom to supoet*

_____
_____
_____
_____
_____
_____
_____
_____
_____

B.  Ground two: _____

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law): _____

_____
_____
_____
_____
_____
_____
_____
_____

C.  Ground three: _____ N/A _____

Supporting FACTS (tell your story briefly without citing cases or law): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

D.  Ground four: _____

Supporting FACTS (tell your story briefly without citing cases of law): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously pre-sented in any other court, state or federal state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

_____

_____

_____

_____

_____

_____

_____

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack? Yes ( ) No (X)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
    (a) At preliminary·hearing_____

    (b) At arraignment and plea_____

(c) At trial _____ No _____

(d) At sentencing _____ No _____

(e) On appeal _____ No _____

(f) In any post-conviction proceeding _____ No _____

(g) On appeal from any adverse ruling in a post-conviction proceeding:_____
No _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ( ) No (X)

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ( ) No (X)
(a) If so, give name and location of court which imposed sentence to be served in the future:_____

(b) And give date and length of sentence to be served in the future:_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ( ) No ( )

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare ( or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  Executed on _3-19-07_____.
(date)

28 USC 1746

_____
Signature of Petitioner

IN THE United States District Court
Middle District OF ALA

RECEIVED
2007 MAR 22 A 9:44
DEENA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

LARRy D Childers
        Petitioner pro.SE
V
ARNOId Holt Warder
State OF Alabama
        DeFendants

CASE # 2:07CV252-1D

Pursuant To 28.U.S.c 2241
And 28.a.s.c 2254. Giving this
Court Jurisdiction.

Comes Now the plaintiff And Files
this memorandum to Support.

Statement OF Case
    plaintiff Seeks relief From this Court
And will Show to this Honorable that the Petitioner
did Exhaust All his State Remedies. petitioner turned
him Self in At the Muscle Shoals police Dept And
was Declared the Shooter Without Any Miranda
Warnings. this was Discovered After 10 years For the
Petitioner to Receive his P.S.I.



See Exhibit (A) where petitioner First Filed
this Rule 32 motion. First PART of his Adm
Remedies. See Exhibit (B) See Exhibit (C) that will
Show beyoand Any doubt Miranda WAS Violated, plus
none of these Statements WAS Signed or notrized
At Any Time, PAGE (2) OF Exhibit (C) will plainly
Show After officer got All this information he admits
then he gave the miranda WARnings. See (D) Response to
Rule 32. See Exhibit E to proceed in Forma pupus
See Exhibit (F) Traverse, See Exhibit (G) To Show
Denied. See Exhibit (H). See Exhibit (I). See Exhibit
(J). Where petitioner Appealed to ALAbama Court of
Criminal Appeals. See Exhibit (K) transmittal of Record.
See Exhibit (L). Appeal to Court of Criminal Appeals.
See Exhibit (M). See Exhibit (N). Denied by APPeals
Court, See Exhibit (P) See Exhibit (Q) Appeal to the
Supreme Court of Alabama See Final Judgement Exhibit
(R) See Exhibit (V) To Re-Consider, Re-Call Exhibit
(W) See Exhibit (X). See Exhibit (Y) petition is not
lettered in law, while Filing with the Appeal Court Some how
lost his time. However For the Benefit of exhausting
his Administrative Remedies. Also See Exhibit (2).

Dated this 19th day of              RespectFully Submitted
March 2007 Pursuant to         Terry J Chisolm Sr
28.4.S.c 1746.



LARRY O. Childers
189222-GI-111-A
Pob 150
Mt Meigs Ala 36057

"This correspondence is forwarded from an Alabama State Prison. Its contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication."

US District Court Middle
of A/A,
Thomas C. Caver Clerk
PO Box 711
Montgomery A/A 3610

# PETITION FOR RELIEF FROM CONVICTION OR SENTENCE

## (Pursuant to Rule 32,
## Alabama Rules of Criminal Procedure)

*Exhibit (A)*

**Case Number**

CC 95 31
ID    YR    NUMBER

IN THE _____ *Circuit* _____ COURT OF *Colbert* , ALABAMA

*Larry Douglas Childers* pro se vs. *State of Al. Musele Shoals*
Petitioner (Full Name)                    Respondent *Police Dept*

[Indicate either the "State" or, if filed in municipal court, the name of the "Municipality"]

Prison Number *189222* _____ Place of Confinement *Kilby Corr. Facility*

County of conviction *Colbert County Al*

**NOTICE:** **BEFORE COMPLETING THIS FORM, READ CAREFULLY THE ACCOMPANYING INSTRUCTIONS.**

1. Name and location (city and county) of court which entered the judgment of conviction or sentence under attack *Colbert County, Al 4th State Tuscambia, Al 35764,*

2. Date of judgment of conviction *6-23-95*

3. Length of sentence *20 years*

4. Nature of offense involved (all counts) *Manslaughter*

*FILED IN OFFICE*
*2006 MAR 28 PM 1: 38*
*PHILLIP BOWLING*
*CIRCUIT COURT CLERK*

5. What was your plea?    (Check one)
   (a)  Guilty _____
   (b)  Not guilty  X
   (c)  Not guilty by reason of mental disease or defect _____
   (d)  Not guilty and not guilty by reason of mental disease or defect _____

2

6.  Kind of trial: (Check one)               )                              )

   (a)  Jury _X_

                          (b)  Judge only _____

7.  Did you testify at the trial?

   Yes _____                    No _X_

8.  Did you appeal from the judgment of conviction?

   Yes _X_                    No _____

9.  If you did appeal, answer the following:

   (a)  As to the state court to which you first appeared, give the following information:

      (1)  Name of court _A/A Court of Criminal Appeals_
      _Al Supreme Court, 11th Circuit Court District Court._

      (2)  Result _Denied_

      _____

      (3)  Date of result _4-19-96_

      _____

      _____

   (b)  If you appealed to any other court, then as to the second court to which you appealed, give the following information:

      (1)  Name of court _N/A_

      _____

      (2)  Result _N/A_

      _____

      (3)  Date of result _N/A_

      _____

   (c)  If you appealed to any other court, then as to the third court to which you appealed, give the following information:

      (1)  Name of court _N/A_
      _N/A_

      (2)  Result _N/A_
      _N/A_

      (3)  Date of result _____

      _____

any petitions, applications, or motions with respect to this judgment in any court, state or federal?

Yes _X_             No _____

11. If your answer to Question 10 was "yes", then give the following information in regard to the first such petition, application, or motion you filed:

(a) (1) Name of court _Al Appeal court, Federal District Court_

(2) Nature of proceeding _Petitioner, Filed Amending warrant,_

(3) Grounds raised _Amending the Indictment, And The Charge to the Jury From the Judge,_

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____             No _X_

(5) Result _____ N/A _____

(6) Date of result _____ N/A _____

(b) As to any second petition, application, or motion, give the same information:

(1) Name of court _____ N/A _____

(2) Nature of proceeding _____ N/A _____

(3) Grounds raised _____ N/A _____

_____

_____

_____

(attach additional sheets if necessary)

(4) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____             No _✓_

(5) Result _____

(6) Date of result _____ N/A    N/A _____

(c) As to any third petition, application, or motion, give the same information (attach additional sheets giving the same information for any subsequent petitions, applications, or motions):

(1) Name of court _____ N/A _____

3

4

(2)  Nature of proceed ⌐ _____ ⌐_____

(3)  Grounds raised _____

_____

_____

_____

_____

(attach additional sheets if necessary)

(4)  Did you receive an evidentiary hearing on your petition, application, or motion?

Yes _____            No ___✓___

(5)  Result _____ N/A _____

(6)  Date of result _____ N/A _____

(d)  Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?

(1)  First petition, etc.        Yes ___✓___              No _____

(2)  Second petition, etc.       Yes _____               No _____

(2)  Third petition, etc.        Yes _____               No _____

**ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION
FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR MOTIONS.**

(e)  If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

_____ N/A _____

_____

_____

12.  Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and the facts supporting them.

# GROUNDS OF PETITION

**Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):**

___✓___    A.  The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

For your information, the following is a list of the most frequently raised claims of constitutional violation:.

4

5

(1)  Conviction obt⸱⸱⸱ed by plea of guilty which was unlawful⸱ ⸱duced or not made voluntarily with understar⸱ ⸱g of the nature of the charge and the co⸱⸱sequences of the plea.

(2)  Conviction obtained by use of coerced confession.

(3)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(4)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(5)  Conviction obtained by a violation of the privilege against self-incrimination.

(6)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(7)  Conviction obtained by a violation of the protection against double jeopardy.

(8)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(9)  Denial of effective assistance of counsel.

**This list is not a complete listing of all possible constitutional violations.**

   If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each constitutional violation that you claim, whether or not it is one of the nine listed above, and include under it each and every fact you feel supports this claim. Be specific and give details.

———  B.  **The court was without jurisdiction to render the judgment or to impose the sentence.**

   If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

———  C.  **The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.**

   If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

———  D.  **Petitioner is being held in custody after his sentence has expired.**

   If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

✓———  E.  **Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:**

   **The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and**

   **The facts are not merely cumulative to other facts that were known; and**

The facts do not merely amc   t to impeachment evidence; and                    )

✓ **If the facts had been known at the time of trial or sentencing, the result would probably have been different; and**

**The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

F.  **The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.**

If you checked this ground or relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

13.  **IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:**

"**Successive Petitions**. The court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive petition on different grounds shall be denied unless the petitioner shows both that good cause exist why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in a miscarriage of justice."

A.  Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?

Yes  _X_                    No _____

B.  If you checked "Yes," give the following information as to earlier petition attacking this conviction or sentence:

(a)  Name of court  _Circuit Court of Colbert County_

(b)  Result  _Denied_

(c)  Date of result  _1991_
     (attach additional sheets if necessary)

C.  If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."

On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

14.  Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes _____                    No _✓_

6

15. Give the name and address if known, of each attorney who represented you at the following stages of the case that resulted in judgment under attack:

(a) At preliminary hearing ___Don Holt_____

(b) At arraignment and plea ___Don Holt_____

(c) At trial _____

(d) At sentencing _____

(e) On appeal _____

(f) In any post-conviction proceeding ___pro. SE,_____

(g) On appeal from adverse ruling in a post-conviction proceeding _____
___N/A_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes _____          No ___✓___

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____          No ___✓___

(a) If so, give name and location of court which imposed sentence to be served in the future: _____
___N/A_____

(b) And give date and length of sentence to be served in the future: ___N/A_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____          No ___✓___

18. What date is this petition being mailed?
___3 – 22nd – 006___

Wherefore, petitioner prays that the court grant petitioner relief to which he may be entitled in this proceeding.

7

8

# PETITIONER'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct.

Executed on _____3-22-006_____ .
　　　　　　　　　　　　(Date)

　　　　　　　　　　　　　　　　　_Larry Douglas Childress Jr_
　　　　　　　　　　　　　　　　　Signature of Petitioner　　PROSE

SWORN TO AND SUBSCRIBED before me this the 22nd day of March 006 _____, _____.

_Exhibit (B)_　　　　28 U.S.C 1746. Under penalty of perjury
　　　　　　　　　　　　Notary Public

## OR *

## ATTORNEY'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I Swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true and correct. Executed on _____ .
　　　　　　　　　　　　　　　　　　　　　(Date)

　　　　　　N/A　　_____
　　　　　　　　　　　Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____, _____.

_____
Notary Public

Name and address of attorney representing petitioner in this proceeding (if any)

_____

_____

_____

_____

FILED IN OFFICE
2006 MAR 28 PM 1:39
PHILLIP BOWLING
CIRCUIT COURT CLERK

_____

**9**

* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the

②

## Explanation For
## New Grounds or Relief

FILED IN OFFICE
2006 MAR 28 PM 1:34
PHILLIP BOWLING
CIRCUIT COURT CLERK

Comes now the petitioner And States
To this Court why these New grounds were Discovered.
Petitioner recently got A Copy of his P.S.I And Found
out How the muscle Shoals police Dept Violated his
5th Amendment rights by Not Using the Miranda rights
policy At the Time, this is well established by
exhibit (A) Attached that will Show For its Self
how this occured. Also the Following Memoradam To
Support. Pursuant to the 14th Amendment to the Fifth
Amendment of Self, dispacher Violated these Self
incriminating Acts Under Miranda v Arizona. 384.4.5
434.467 16 Lsed 2nd 694 86 S.ct. A Person in Custody
Must receive Certain Warnings before Any Official
interrogation, including that he has the right To
"remain Silent" Anything Can be Used Against You
in Court. Officer had Already question And got
Confession before. At that point 11:42 p.m 9/29/90.
I read Mr Childers the Miranda warning. At that point
petitioner didn't want To Answer Any questions.
At No point did Officer McNally tell the petitioner
he must remain Silent or Anything he Says Can be Used
Against him As A matter oF Fact officer McNally told
All officers of the police Dept. That the petitioner was the
One that done the Shooting.

10

③

PAGE OY OF PROBATION PAROLE. ALL OF this INFORMATION WAS ON petitioner PAROLE RECORD plus A TRIAL by JARY, We Know OFFICER McNALLY had Violated The petitioner right By ASKing All of the question. Without Telling the petitioner he must remain Silent. Also AGAIN AFTER he give the MARINDA WARNINGS he Coentinued To ASK questions AFTER he WAS Suppose To be told To remain Silent. That is established iN ESTELLE V SMITH 451 U.S. 454 101 SCT. 1866. 68 Led 2nd 359. And All CASES Sighted therein. Lt. BradFord AND I Took Doug Childers From his Cell To the Detective OFFICES. Childers rights were AgAiN read by lt. Bradford AFter Lt BradFord WAS told Until he talk to his Attorney But unlick OFFicer McNALLY. NO Questions were Ask. However beFore OFFicer McNALLY read the MIRANDA WARNINGS to the petitioner he had gathered All the information he needed plus MORE AFter he read the MARINDA WARNINGS, Petitioner CAN NOt At no time remember OFFICER McNALLY reading ANY thing to him. IF OFFicer McNALLY has OF read the Miranda WARNINGS, why would Lt. BradFord WANted to do it AgAiN. Even tho OFFicer McNALLY had gathered All the information they WANted. this Ilegal Document WAS Used in the P.S.I OF the DeFendant. This WAS discussed At ANy TriAl or hearing SEE edwards V ARiZONA 451 U.S. 477 101 S.ct 1880. 68 Led 2d 470. And All CASES Sought or in this Inta CASE At BAR

DAted this 22d day OF MARCH 006    RespectFully Submitted
PURSUANt to 28. USc 1746 Under PeNALTy OF Lover, Doucelon Childers

Larry Douglas Childe
Pre-Sentence Investigation
Page 2
-----------------------------------------------------------------------

## PRESENT OFFENSE(S)

County, Court & Case Number:

Colbert County Circuit Court case #CC95-31

Offense:

Manslaughter

*Exhibit* (8)
(C)

Underline: Sentence:

**20 years**
Date of Sentence:

**6/23/95**
Details of Offense:

At 11:24 p.m. on 9/29/90 an employee of Keller Ambulance called Muscle Shoals
Police Department and reported that two people had been shot inside the Wagon
Wheel Lounge.

"At 11:24 p.m. 9/29/90 I received a call from Debbie @ Keller Ambulance
stating they were enroute to the Wagon Wheel on a shooting call.  At that time
I dispatched all units to the Wagon  Wheel on a possible shooting.  The first
officers on the scene was Sgt. Hamilton and Coons.  Approximately 3 or 4
minutes later a w/m, later identified as Doug Childers, came into the police
station wanting to use the bathroom.  Mr. Childers was holding his hand
against the left side of his forehead.  Mr. Childers stated he had just left
the Wagon Wheel.  After he used the bathroom, he came back into the lobby of
the PD.  I asked Mr. Childers if he was at the Wagon Wheel when the shooting
took place.  Mr. Childers stated he was the one who did the shooting.  I then
instructed Mr. Childers he would have to stay with me @ the PD until he spoke
with a detective.  While Mr. Childers was in the bathroom Lt. Bradford
(detective) was called out to work the shooting.  After finding out Mr.
Childers was the person that committed the shooting I told Lt. Bradford and
the units at the scene.  Lt. Bradford came to the station in an effort to
ensure that Mr. Childers was being detained.  I then inquired as to whether
Mr. Childers was armed or not.  He stated that he was not and that the gun had
been taken care of.  I asked him what he meant by 'being taken care of.'  He
then stated he thought his wife had put the gun in a 1982 Olds, Royal, blue in
color.  Lt. Bradford left the PD at that time and proceeded to the Wagon
Wheel.  After Lt. Bradford left Mr. Childers stated that Mr. Collins was
beating the shit out of him while he was pinned on the ground.  [At that point
11:42 p.m. 9/29/90, I read Mr. Childers the miranda warning.]  Mr. Childers
stated he understood his rights and didn't want to answer any questions but he
kept saying over and over that he tried everything he could to get Mr. Collins
off him but couldn't so he shot him.  When Mr. Childers came into the PD there
was no sign of blood coming from his nose, mouth or any part of his body.  I
did notice a red mark on the left side of his forehead.  This is a true and
accurate statement."

Larry Douglas Childex
Pre-Sentence Investigation
Page 3
---------------------------------------------------------------------------

Officer McNally dispatched all units to the scene.

Statement of Muscle Shoals Police Sgt. Bobby Hamilton:

"At 11:24 9/29/90 we received a call from dispatcher to go to Wagon Wheel Club
that there had been a shooting inside club. At 1:25 9/29/90 my partner &
myself arrived at scene. As I walked inside of club one subject was lying in
floor & a nurse was on top of him doing chest compression. Another subject
was sitting in floor against south wall with left hand wrapped with rag &
blood all over it. The subject laying in floor they said had been shot
several times with handgun. After finding out two people had been shot I
called dispatcher back & told him to send two ambulances. My partner and I
started trying to find out who had done the shooting & several people inside
of club said it was Doug Childers and he had just walked outside door. My
partner, Donald Ray Coons, started getting witness to back of club & getting
their names & what happened. I got people out of club & trying to secure
scene the best I could. I was told by one of the people that Doug Childers
went out & put gun in a car & had walked off. The car was supposed to be
sitting next to building in east parking lot & was a two tone blue Mercury.
After checking parking lot another subject stated he saw man put a gun in a
blue Mercury & had walked off. He showed Lt. Bradford & Off. Coons which car
it was & after looking thru front windshield Lt. Bradford said he see's
something that looks like a small cal. handgun part of the way under seat. I
had walked over to car about this time. There was also a box lying in floor
board that shells came in. Lt. Bradford opened door (this is on passenger
side of car) and pulled out a pistol that looked to be a 25 cal. auto. At
this time I call to dispatcher & ran a 28 on tag & it cam back reg. to
Paulette Childers. I then called dispatcher back & told him to send a 51 of
month. Smitty's Wrecker Service came & got car & he was advised to lock car
up inside his building for Lt. Bradford. After going back inside club I found
out the subject lying in floor was Jerry Collins & the other one who was shot
was a David Tippett man. While talking to Lucy Hunt he asked me if I
remembered the Childers subject because I had arrested him back in May there
at club because he and Jerry Collins had gotten into fight then. Doug
Childers had went out to his car & got a gun & came back into club with it.
We did arrest Doug Childers on 5/3/90 at 10:41 p.m. for P.I. but he had
already put gun back into his car. He was standing beside car at time of
arrest & gun was lying on seat of car in plan view. He was not charged with
it because we did not see him with gun. The investigation of tonight 9/29/90
was turned over to L. Bradford & Off. Coan."

Statement of Captain John Bradford:

"On Sept/29/90 at approx. 11:24 p.m. we received a call to go to the Wagon
Wheel Club that someone had been shot. I was working in Unit #63 with Off.
Craig Rickman. When we arrived at the scene Sgt. Hamilton, Off. Coons and
Off. Poague were already there. Off. Poague came out the front door of the
club and told me that one subject was dead and another wounded inside of the
club. I asked him to notify the dispatcher (Off. McNally) to get in touch
with the detective on call to come to the scene of the shooting. As I went
into the front door of the Wagon Wheel I saw a w/m laying in the floor that
appeared to have been shot. He was being attended to by several people. I

11/03/2004  09:48    2563899614    )    PROBATION PAROLE    )    PAGE  04

Larry Douglas Childer
Pre-Sentence Investigation
Page 4
--------------------------------------------------------------------

recognized the subject to be Jerry Collins.  It appeared that he had been shot several times.  Another subject, David Tippett, had also been shot in the hand.  Keller Ambulance and Fire Dept. personnel arrived shortly after we did.  I asked other officers at the scene to try to find everyone that was a witness and attempt to locate who did the shooting.  Off. McNally notified officers at the scene that the person who did the shooting was at the Muscle Shoals Police Dept.  I came to the Police Dept. and Off. McNally had a w/m (Larry Doug Childers) sitting beside him in the radio room.  Off. McNally said that he had already read Mr. Childers his rights.  Childers was then placed in the City Jail by Off. Poague and myself and told he would be talked to by detectives as soon as possible.  The shooting is being investigated by Det. Lt. David Bradford & Det. Lanny Coan."

Detectives Lanny Coan and David Bradford were called to the Wagon Wheel Lounge by Officer McNally.

Statement of Detective Lanny Coan:

"I received a call at my residence from Officer McNally requesting I go to the Wagon Wheel Club on Avalon Ave.  I arrived at the club at 11:52 p.m.  I talked with Lt. Bradford and Capt. John Bradford.  I made pictures of the scene of the shooting and recovered 6 spent shell casings from the floor in the area the incident took place, 2 slugs were recovered from the floor, laying under a chair in the floor.  One slug was recovered in the ceiling tile above where the shooting took place.  At approximately 1:58 a.m., Lt. Bradford and I took Doug Childers from his cell to the detective offices.  Childers rights were again read by Lt. Bradford.  Childers would acknowledge his rights were read but he didn't want to sign anything or make any statements until he talked with his attorney.  No questions were asked.  Mr. Childers said he thought he needed to be checked at the hospital to see if he had any injuries.  Lt. Bradford & I told him we would carry him to the hospital.  A few minutes later Mr. Childers stated he thought he would be all right and decided against going to the hospital at this time.  I advised Childers there were speakers in the cells and the dispatcher would get help if he told him later he wanted to go to the hospital."

On 9/29/90 Lt. David Bradford interviewed Sherry F. Gray, bartender at Wagon Wheel.  She gave the following written statement:

"Jerry Collins & Doug Childers were having an argument.  The started pushing & shoving each other.  The went down on the floor.  David tippett grabbed hold of Jerry Collins & tried to pull him & Doug Childers apart.  They were standing up at this point.  I heard five shots together one after another, then a few seconds later a sixth shot.  Jerry Collins stumbled backward & fell to the floor.  He wasn't moving.  David fell down a few feet from him.  Doug Childers was holding the gun in his hand.  He put the gun in shirt pocket & walked out the side door."

On 9/30/90 Lt. David Bradford and Det. Lanny Coan took statements from witnesses.  Jerry Wayne Brown gave the following statement:

IN THE CIRCUIT COURT OF

COLBERT COUNTY, ALABAMA

LARRY DOUGLAS CHILDERS

    PETITIONER

VS.

STATE OF ALABAMA,

    RESPONDENT

CASE NO:  CC 95-31

## MOTION TO DISMISS

    Comes now the State of Alabama, by and through the Assistant District Attorney for 31st Judicial Circuit of Alabama, and moves this Honorable Court for an order dismissing the Petition for Relief from Conviction of Sentence, filed pursuant to Rule 32 of The Alabama Rules of Criminal Procedure on the 28th day of March, 2006.  As grounds for said Motion, State would show unto the Court as follows:

1. Petitioner is precluded from seeking relief as this is a successive petition.

2. Petitioner alleges this Petition is based on newly discovered material facts that were not known by petition or petitioner's counsel *at the time of trial or sentencing or in time to file a post-trial motion pursuant to Rule 24.*

3. Petitioner was adjudicated guilty of the charged offense on April 21, 1995

4. The facts upon which Petitioner relies to assert this claim are contained within the Pre-Sentence Investigation conducted for Petitioner's Sentencing hearing in June, 1995 and attached as Exhibit "A" to the Petition for Relief from Conviction or Sentence.  (See Petition).

18

5.  Therefore, said facts were known or should have been known to Petitioner or Petitioner's counsel within time to file an appeal or post-trial motion.

6.  Petitioner's claim could have been raised on appeal.

7.  Petitioner's remaining claims are baseless assertions which were neither briefed nor addressed by Petitioner and are therefore, not ripe for response by the State.

8.  The petitioner fails to state grounds upon which relief may be granted in this cause.

9.  The petition is not meritorious on its face and is, therefore, due to be dismissed.

WHEREFORE, PREMISES CONSIDERED, the State of Alabama moves this Honorable Court to dismiss the petitioner's Petition for Relief from Conviction or Sentence.

Respectfully submitted,

Angela J. Hulsey
Assistant District Attorney
31st Judicial Circuit of Alabama

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy of the foregoing Motion to Dismiss to Larry Childers, Inmate #189222, P.O. Box 150, Mt. Meigs, Alabama 36057.

This the 6th day April, 2006.

Angela J. Hulsey
Assistant District Attorney
31st Judicial Circuit of Alabama

)                                              )

# IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

**LARRY DOUGLAS CHILDERS**

     **PETITIONER,**

**VS.**                                                    **CASE NO: CC-95-31**

**STATE OF ALABAMA**

     **RESPONDENT.**

## ORDER

     This criminal proceeding came on for consideration upon Petitioner's Request to Proceed

In Forma Pauperis, Petitioner's Petition for Relief from Conviction of Sentence, filed pursuant to

Rule 32 of the Alabama Rules of Criminal Procedure and State's Motion to Dismiss and the

Court having read and considered the pleadings of the parties and being of the opinion that said

Petition fails to state a claim upon which relief may be granted, the Court hereby Orders as

follows:

    1.  Petitioner's Request to Proceed In Forma Pauperis is Granted.

    **2.**  State's Motion to Dismiss is Granted and Petitioner's Petition for Relief from

Conviction of Sentence pursuant to Rule 32 of the Alabama Rules of Criminal Procedure

is hereby Dismissed.

**DONE and ORDERED** this the _11th_ day of _April_ , 2006.

                                 HAROLD V. HUGHSTON, JR.
                                 PRESIDING CIRCUIT JUDGE

cc:     Angela Hulsey
        Larry Douglas Childers

2006 APR 12  AM 9: 51
PHILLIP BOWLING
CIRCUIT COURT CLERK
FILED IN OFFICE

Exhibit (F)

IN the Circuit Court OF
Colbert County, Alabama

Larry Douglas Childers
    petitioner proSE
VS
State OF Alabama
    Respondent

CASE# CC-95-31

2006 APR 19 AM 10:03
PHILIP BOWLING
CIRCUIT COURT CLERK
FILED IN OFFICE

## Traverse to Respondent

Comes Now the petitioner Larry Childers moves this Honorable Court for the Folling reasons.

## Statement OF Case

petitioner denies All of the Respondent Answer there is No Time limit on Constitional Issues. Or When this Newly evidence was found. this A 14th U.S.C thru the 5th Amendent

I. this Contitutional Violation of the 5th Amendament to the U.S.C. is Not a Successive petition.

II Again there is No time limit on Newly discovered Material Facts.

21

②

These FACTS WAS discoverd From A Copy oF the P.S.I that he had Never seen before. The offer McNally question the petitione without Telling him he Could be silent. However the petitioner Admitted To him he was the shoter, this had help the prosecution. plus the probation offce took A copy the witivess And dispatch And put it in his P.S.I while he had 2 parole hearings, And two trials with this Violation. Had this been knowne at the trial. A different Ruling would have been had. petitioner Finaly Got A copy oF the P.S.I From his Attorney. this Violation oF miranda of the 5th Amendment. U.S.C

    III petitioner was Found Guilty. Had this miranda been give before he Admittec he was the shooter. And other question Ask. before Any miranda.

    IV the parole offcer ony took the satement. A copy And put it into the p.S.I. As evidonsed by Exhibit (A). Not Sign by Respondent.

    V there was no way when no one Saw A copy with. Stakmont sheet included. AGain see Exhibit (A).

    VI this Claim Could not been raised on Appeal. This copy was Attached After Trial. this was the only Claim made by petitioner. By this Responce it is plain to see.

22

(2)

VIII  the petitioner did state in detail the
for the Grounds to be Raised, It was a 5th Amendment
Violation. petitioner did Cite 2 Supreme Court Case
Miranda V Arizona And Edward V Arizona, now See
Statterwhite V Texas U-S 108 S.cT 100 Led 2nd 284

Relief Sought
Petitioner moves this Court For Relief. on
Constitutional Violation of the 5th A.U.S.C. petitioner
has served Almost 11 years on this Invalid. To
Set this Case For Evidentary hearing. Give order For
Time served or Resenteneed To 15yrs. Any other Relief
this Court deems Just.

~~Respectfully~~

Pursuant To 28.U.S.C 1746    Respectfully  Scebmitted
under penalty perjury    Lorry Douglas Childen Sr Pro. SE
Dated this 14th day of
April 006

23

**IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA**

**LARRY DOUGLAS CHILDERS**

      **PETITIONER,**

**VS.**                                                 *Exhibit (B)*                   **CASE NO.    CC-95-31**

**STATE OF ALABAMA**

      **RESPONDENT.**

## ORDER

    This cause coming before the Court on Petitioner's Motion for Relief and the Court having read and considered said Motion and being of the opinion that said Motion is due to be Denied;

    It is therefore ORDERED, ADJUDGED and DECREED by the Court that Petitioner's Motion for Relief be and hereby is DENIED.

    **DONE AND ORDERED** this the ___1st___ day of ___May___, 2006.

                                            HAROLD V. HUGHSTON, JR.
                                          PRESIDING CIRCUIT JUDGE

cc:    Angela Hulsey ✓
       Larry Douglas Childers ✓

FILED IN OFFICE
2006 MAY -2  AM 9:30
PHILLIP BOWLING
CIRCUIT COURT CLERK

Exhibit (H)

IN THE Circuit Court of Colbert County, ALABAMA.

Larry Douglas Childers        )
            petitioner pro, SE )      CASE # CC-95-31
V                              )
State of Alabama               )
            Defendant          ),

Motion For Reconsideration
or in the Alternate Leave to
Appeal to the Court of Criminal
Appeals.

      Comes Now the petitioner Larry
Childers And makes the Following Statement

      I ON the 22nd day OF MArch 2006 petitioner
Filed with this Court A Rule 32 motion. In that Rule
petitioner listed the Grounds he was rAising. with
Cases Sighted.
      II ON April 6th Angela J Hulsey Filed A
Motion to Dismiss, Assistant District Attorney.
      III At no time did the petitioner have A Chance
To File AN Answer or traverse. petitioner was to At
least get 28 day.

IV However the Court did not give the petitioner Time To File his Traverse. Even tho he Filed its order before the traverse got there. It was Filed on 14th day of April 06. Also Following that was an Amendment To the Traverse that was of utmost important, this Court had made A Rule-ing before the court received it.

V The Court Clerk sent the order to an Address that was unknowne To petitioner. However some one got in touch with petitioners Daughter so she went and Found this order. Marked Exhibit (C).

VI this is what is happening To the petitioner there is some (6) different Larry Childers. My legal papers and especial my P.S.I is all Apart, not mine. this has hurt petitioner At the parole Board And other hearings.

VII Law Enforcements Must Tell the Defendant He has a right to Remain Silent, ① The defendants Statement may be used Against him. ② the defendant has the right to the presence of an Attorney. ④ If Defendant Cannot Afford An Attorney. One will be Appointed.

VIII No where in Exhibit (A) is the warnings spelled out And what was Said.

Dated this 1st day of May 006         Respectfully Submitted
Under penalty of perjury         Larry Taylor Childers Sr.
28 U.S.C. 1746

26

Exhibit (I)

# IN THE CIRCUIT COURT OF COLBERT COUNTY, ALABAMA

**LARRY DOUGLAS CHILDERS**

      **PETITIONER,**

**VS.**                              **CASE NO.**    **CC-95-31.61**

**STATE OF ALABAMA**

      **RESPONDENT.**

## ORDER

This cause coming before the Court on Petitioner's Motion for Reconsideration and the Court having read and considered said Motion and being of the opinion that said Motion is due to be Denied;

It is therefore ORDERED, ADJUDGED and DECREED by the Court that Petitioner's Motion for Reconsideration be and hereby is DENIED.

**DONE AND ORDERED** this the _30th_ day of _May_, 2006.

_____
HAROLD V. HUGHSTON, JR.
PRESIDING CIRCUIT JUDGE

cc:    Angela Hulsey
       Larry Douglas Childers

FILED IN OFFICE
2006 MAY 30  PM 1:20
PHILLIP BOWLING
CIRCUIT COURT CLERK

# IN THE ALABAMA COURT OF CRIMINAL APPEALS
## CRIMINAL APPEALS CASE NO. _CR-05-1849_

LARRY DOUGLAS CHILDERS        *
    APPELLANT, PRO-SE        *
                  *        _Exhibit (J)_
                  *
VS.        *
                  *
STATE OF ALABAMA        *
        APPELLEE        *

---

## On Appeal from the Circuit Court of Colbert County, Alabama
### CC-95-31
### Hon. Judge Hughston, Presiding Judge

---

## MOTION TO APPEAL

---

PETITIONER pro-se:

    **Larry douglas Childers**
    Kilby Correctional Facility
    P.O. Box 150
    Mt. Meigs, Al 36057

    (no phone)



FILED IN OFFICE
2006 JUN 21 AM 10:51
PHILLIP BOWLING
CIRCUIT COURT CLERK

## STATEMENT REGARDING ORAL ARGUMENTS

Your Petitioner does not desire oral arguments in this case.

i

# TABLE OF CONTENTS

Statement Regarding Oral Arguments    i

Table of Contents    ii

Table of Authorities    iii

Statement of Case    1

Statement of Issues    1

Statement of Standard of Review    1

Statement of Arguments    2

Arguments ISSUE I    2

Conclusion    3

Certificate of Service    4

## TABLE OF AUTHORITIES

**CASES CITED**                                              **PGE NO.**

Elliot V. State                                                2
601 So 2d 1118, 1119 (Ala.Crim.App.1992)

Estell V. Smith                                                2
Criminal Law 46.4

Ex-parte Heaton                                                2
542 So 2d 931 (Ala.1989)

Miranda V. Arizona                                             2,3
384, U.S. 436, 478 16 L Ed 2nd 694


## U.S. CONSTITUTION

5TH Amendment                                            2,3

## STATEMENT OF CASE

On April 11, 2006, Judge Hughston Jr. denied Relief to the Appellant on a Rule 32 Motion, but Granted his Motion to Proceed in Forma Paupers. However, the Appellants' Motion was to Reconsider and Leave to Appeal. The circuit Court failed to fully answer that Motion. By:

1.) The court denied or dismissed the motion before the Appellant could respond to the District Attorneys Reply.

2.) Appellant wants to appeal the entire record before this Honorable Appeals court.

3.) Appellant had his Miranda Rights violated during questioning and as a result the statements made by the Appellant were used to convict him.

## STATEMENT OF ISSUES

### Issue I

Whether or not the Trial Court abused its discretion in dismissing Appellants Motion without addressing the Motion presented for consideration and giving an opinion as to why the Motion should not be granted.

## STATEMENT OF THE STANDARD OF REVIEW

### ISSUE I

Involves a pure question of law. It is the duty of the trial court to give specific findings of fact on each material issue

1

presented to the court in a motion once the court rules on any part of that motion.


## SUMMARY OF THE ARGUMENTS

The issue presented show a blatant disregard by the Trial Court to protect the defendant's constitutional rights to Due Process and to protect him from self incrimination due to his Miranda Rights not being given to him before questioning.

"The standard of review on appeal in a post-conviction proceeding is whether the trial judge abused his discretion when he dismissed the petition. **Ex-parte Heaton**, 542 So 2d 931 (Ala.1989)," **Elliot V State**, 601 So 2d 1118, 1119 (Ala. Crim. App.1992)


## ARGUMENTS

## ISSUE I

Custodial Interrogation under **Miranda V. Arizona**, must be supported by record that a suspects **Miranda Rights** were given to him before any questioning. Appellant asserts that his Miranda Rights were violated during interrogation, he was never advised of his right to remain silent or to have an attorney present during questioning. The prosecution to obtain a conviction at trial ultimately used the statements made by the Appellant, during the interrogation.

This failure of the interrogating authorities violated the Appellants 5th Amendment right against self-incrimination, see: **Estell V Smith,** Criminal Law 46.4, Witnesses 89, Criminal Law Miranda Decision. "It is a necessity to inform suspect of rights under privilege against self-incrimination, prior to police Interrogation." This prevents the police from illegally

extracting a confession or information, which would result in self-incrimination during the interrogation process. The **Miranda Decision** was made to prevent law enforcement from the expedient resolve of a case by extracting otherwise unobtainable and self-incriminating evidence from the suspect. A suspect 'MUST' be advised that he has the right to remain silent. See: **_Miranda V Arizona_**, 384, U.S. 436, 478 16 L Ed 2nd 694.

"Since the safeguards of the 5th Amendment Privilege were not afforded to the Appellant, his death sentence **can not** stand. **No** person can be compelled in any criminal case to be a witness against himself." (emphases added)

A person in custody must receive certain 5th Amendment warnings before any official interrogation can be conducted, including "..._the right to remain silent, anything you say can be used against you in a court of law_." See: **_Miranda Id_** (emphases added)

## CONCLUSION

Appellant respectfully request that this Honorable Court 'Reverse" the decision of the Circuit Court of Colbert County, Alabama, and allow Appellant leave to appeal his conviction on the grounds of Ineffective Assistance of Trial Counsel, Denial of Due Process and Violation of his 5th Amendment Right to be Marandized before any questioning by the police.

Respectfully submitted;

Pursuant to 28USC 1746
Under penalty of perjury
Dated this _19_ day of _June_, 2006

_Larry Douglas Childers_
Larry Douglas Childers
Appellant, pro-se

## CERTIFICATE OF SERVICE

I hereby certify that a True Copy of the foregoing was mailed to the Circuit Court Clerk of Colbert County, Alabama, by placing same in the Institutional U.S. Mail with sufficient U.S. Postage attached, on this the _19_ day of _June_ 2006.

Larry Douglas Childers
Appellant, pro-se
P.O. Box 150
Mt. Meigs, Al 36057

4

REV. 4/1/9?

## NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
### BY THE TRIAL COURT CLERK

*Larry Douglas Childers*                     v.     [X] **STATE OF ALABAMA**
**APPELLANT'S NAME**                                  [ ] **CITY OF** _____
*(as it appears on the indictment)*                                          **APPELLEE**

[X] **CIRCUIT**    [ ] **DISTRICT**    [ ] **JUVENILE COURT OF** *Colbert* **COUNTY**
**CIRCUIT/DISTRICT/JUVENILE JUDGE:** *Harold V. Hughston*

**DATE OF NOTICE OF APPEAL:** _____
(NOTE: If the appellant is incarcerated and files notice of appeal, this date should be the date on the certificate of service, or if there was no certificate of service, use the postmark date on the envelope.)

**INDIGENCY STATUS:**
    Granted Indigency Status at Trial Court:    [X] Yes [ ] No
    Appointed Trial Counsel Permitted to Withdraw on Appeal:    [ ] Yes [ ] No
    Indigent Status Revoked on Appeal:    [ ] Yes [ ] No

**DEATH PENALTY:**
    Does this appeal involve a case where the death penalty has been imposed?    [ ] Yes [ ] No

**TYPE OF APPEAL:** (Please check the appropriate block.)
    [ ] State Conviction    [ ] Pretrial Appeal by State    [ ] Juvenile Transfer Order
    [X] Rule 32 Petition    [ ] Contempt Adjudication    [ ] Juvenile Delinquency
    [ ] Probation Revocation    [ ] Municipal Conviction    [ ] Habeas Corpus Petition
    [ ] Mandamus Petition    [ ] Writ of Certiorari    [ ] Other(specify) _____

**IF THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E.,RULE 32 PETITION, WRIT OF HABEAS CORPUS, ETC.) OR FROM ANY OTHER ORDER ISSUED BY THE TRIAL JUDGE, COMPLETE THE FOLLOWING:**

**TRIAL COURT CASE NO.:** *CC-95-31.61*

**DATE ORDER WAS ENTERED:** *5/30/06*     **PETITION:** [ ] Dismissed [X] Denied [ ] Granted

**IF THIS IS AN APPEAL FROM A CONVICTION, COMPLETE THE FOLLOWING:**
**DATE OF CONVICTION:** _____     **DATE OF SENTENCE:** _____
**YOUTHFUL OFFENDER STATUS:**
    Requested: [ ] Yes [ ] No    Granted: [ ] Yes [ ] No
**LIST EACH CONVICTION BELOW:** *(attach additional page if necessary)*
1.    Trial Court Case No. _____     CONVICTION: _____
    Sentence: _____
2.    Trial Court Case No. _____     CONVICTION: _____
    Sentence: _____
3.    Trial Court Case No. _____     CONVICTION: _____
    Sentence: _____

| POST-JUDGMENT MOTIONS FILED: (complete as appropriate) | Date Filed | Date Denied | Continued by Agreement To *(Date)* |
|---|---|---|---|
| [ ] Motion for New Trial | | | |
| [ ] Motion for Judgment of Acquittal | | | |
| [ ] Motion to Withdraw Guilty Plea | | | |
| [ ] Motion in Arrest of Judgment | | | |
| [ ] Other | | | |

**COURT REPORTER(S):** _____
**ADDRESS:** _____

**APPELLATE COUNSEL:** _____
**ADDRESS:** _____

**APPELLANT: (IF PRO SE)** AIS# _____
**ADDRESS:** _____

**APPELLEE (IF CITY APPEAL):** _____
**ADDRESS:** _____

I certify that the information provided above is accurate to the best of my knowledge and I have served a copy of this Notice of Appeal on all parties to this action on this *30th* day of *June*, *2006*.

37

*Phillip Bowling*
**CIRCUIT COURT CLERK**

| State of Alabama<br>Unified Judicial System<br><br>From ARAP - 14  Rev. 11 / 91 | CERTIFICATE OF COMPLETION AND<br>TRANSMITTAL OF RECORD ON<br>APPEAL BY TRIAL CLERK | Appellate Case Number |
|---|---|---|

TO: THE CLERK OF
THE COURT OF CRIMINAL APPEALS OF ALABAMA

| | DATE OF<br>NOTICE OF APPEAL: | 6/21/06 |
|---|---|---|

APPELLANT   Larry Douglas Childers

v. STATE OF ALABAMA

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in ( a single volume of 38 ____ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of brief.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this ____ 21st ____ day of ____ July ____, ____ 2006 ____.

_Phillip Bowling_
Circuit Clerk

38

IN THE ALABAMA COURT OF CRIMINAL APPEALS
CRIMINAL APPEALS CASE NO. *CR-05-1849*

| | |
|---|---|
| LARRY DOUGLAS CHILDERS | * |
| APPELLANT, PRO-SE | * |
| | * |
| | * |
| VS. | * |
| | * |
| STATE OF ALABAMA | * |
| APPELLEE | * |

*Exhibit (b)*

---

On Appeal from the Circuit Court of
Colbert County, Alabama
CC-95-31
Hon. Judge Hughston, Presiding Judge

---

**MOTION TO APPEAL**

---

PETITIONER pro-se:

**Larry douglas Childers**
Kilby Correctional Facility
P.O. Box 150
Mt. Meigs, Al 36057

(no phone)

## STATEMENT REGARDING ORAL ARGUMENTS

Your Petitioner does not desire oral arguments in this case.

# TABLE OF CONTENTS

Statement Regarding Oral Arguments            i

Table of Contents                             ii

Table of Authorities                          iii

Statement of Case                             1

Statement of Issues                           1

Statement of Standard of Review               1

Statement of Arguments                        2

Arguments ISSUE I                             2

Conclusion                                    3

Certificate of Service                        4

## TABLE OF AUTHORITIES

**CASES CITED**                                             **PGE NO.**

Elliot V. State                                                2
601 So 2d 1118, 1119 (Ala.Crim.App.1992)

Estell V. Smith                                                2
Criminal Law 46.4

Ex-parte Heaton                                                2
542 So 2d 931 (Ala.1989)

Miranda V. Arizona                                           2,3
384, U.S. 436, 478 16 L Ed 2nd 694


## U.S. CONSTITUTION

5TH Amendment                                                 2,3

## STATEMENT OF CASE

On April 11, 2006, Judge Hughston Jr. denied Relief to the Appellant on a Rule 32 Motion, but Granted his Motion to Proceed in Forma Paupers. However, the Appellants' Motion was to Reconsider and Leave to Appeal. The circuit Court failed to fully answer that Motion. By:

1.) The court denied or dismissed the motion before the Appellant could respond to the District Attorneys Reply.

2.) Appellant wants to appeal the entire record before this Honorable Appeals court.

3.) Appellant had his Miranda Rights violated during questioning and as a result the statements made by the Appellant were used to convict him.

## STATEMENT OF ISSUES

### Issue I

Whether or not the Trial Court abused its discretion in dismissing Appellants Motion without addressing the Motion presented for consideration and giving an opinion as to why the Motion should not be granted.

## STATEMENT OF THE STANDARD OF REVIEW

### ISSUE I

Involves a pure question of law. It is the duty of the trial court to give specific findings of fact on each material issue

presented to the court in a motion once the court rules on any part of that motion.

## SUMMARY OF THE ARGUMENTS

The issue presented show a blatant disregard by the Trial Court to protect the defendant's constitutional rights to Due Process and to protect him from self incrimination due to his Miranda Rights not being given to him before questioning.

"The standard of review on appeal in a post-conviction proceeding is whether the trial judge abused his discretion when he dismissed the petition. ***Ex-parte Heaton***, 542 So 2d 931 (Ala.1989)," ***Elliot V State***, 601 So 2d 1118, 1119 (Ala. Crim. App.1992)

## ARGUMENTS

### ISSUE I

Custodial Interrogation under ***Miranda V. Arizona***, must be supported by record that a suspects **Miranda Rights** were given to him before any questioning. Appellant asserts that his Miranda Rights were violated during interrogation, he was never advised of his right to remain silent or to have an attorney present during questioning. The prosecution to obtain a conviction at trial ultimately used the statements made by the Appellant, during the interrogation.

This failure of the interrogating authorities violated the Appellants 5th Amendment right against self-incrimination, see: ***Estell V Smith,*** Criminal Law 46.4, Witnesses 89, Criminal Law Miranda Decision. "It is a necessity to inform suspect of rights under privilege against self-incrimination, prior to police Interrogation." This prevents the police from illegally

extracting a confession or information, which would result in self-incrimination during the interrogation process. The **Miranda Decision** was made to prevent law enforcement from the expedient resolve of a case by extracting otherwise unobtainable and self-incriminating evidence from the suspect. A suspect 'MUST' be advised that he has the right to remain silent. See: **Miranda V Arizona**, 384, U.S. 436, 478 16 L Ed 2nd 694.

"Since the safeguards of the 5th Amendment Privilege were not afforded to the Appellant, his death sentence **can not** stand. **No** person can be compelled in any criminal case to be a witness against himself." (emphases added)

A person in custody must receive certain 5th Amendment warnings before any official interrogation can be conducted, including "...*the right to remain silent, anything you say can be used against you in a court of law.*" See: **Miranda Id** (emphases added)

### CONCLUSION

Appellant respectfully request that this Honorable Court 'Reverse" the decision of the Circuit Court of Colbert County, Alabama, and allow Appellant leave to appeal his conviction on the grounds of Ineffective Assistance of Trial Counsel, Denial of Due Process and Violation of his 5th Amendment Right to be Marandized before any questioning by the police.

Respectfully submitted;
Pursuant to 28USC 1746
Under penalty of perjury
Dated this *19* day of *June*, 2006

Larry Douglas Childers
Appellant, pro-se

3

## CERTIFICATE OF SERVICE

I hereby certify that a True Copy of the foregoing was mailed to the Circuit Court Clerk of Colbert County, Alabama, by placing same in the Institutional U.S. Mail with sufficient U.S. Postage attached, on this the _19_ day of _June_ 2006.

Larry Douglas Childers
Appellant, pro-se
P.O. Box 150
Mt. Meigs, Al 36057

4

# Court of Criminal Appeals

**H. W. "BUCKY" McMILLAN**
Presiding Judge
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
Judges

State of Alabama

Judicial Building, 300 Dexter Avenue

**P. O. Box 301555**

**Montgomery, AL 36130-1555**

**Lane W. Mann**
Clerk
**Gerri Robinson**
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

July 19, 2006



Hon. C. Phillip Bowling
Circuit Clerk
County Courthouse
Tuscumbia  AL  35674

Re: **CR-05-1849**

Larry Douglas Childers v. State of Alabama  (Appeal from Colbert  Circuit Court:
CC95-31.61)

Dear Mr. Bowling:

The notice of appeal in the above referenced case was filed on May 4, 2006.  According to our records, this appeal will not have a reporter's transcript of the evidence.  Pursuant to Rule 11(b) of the Alabama Rules of Appellate Procedure (ARAP), if there is no reporter's transcript, the record on appeal should be filed with the Clerk of the appellate court within 28 days of the filing of the notice of appeal.  Based on Rule 11(b), ARAP, it appears that the record on appeal is late.

Please advise this Court if our records are incorrect.  Otherwise, the Court of Criminal Appeals respectfully requests that you take all necessary action required to complete and file the record on appeal by August 2, 2006.

Your assistance with this matter will certainly be appreciated.  Please let me know if you have any questions.

Sincerely yours,

Lane W. Mann, Clerk
Court of Criminal Appeals

**cc:** Larry Douglas Childers, Pro Se
    Office of Attorney General

# IN THE ALABAMA COURT OF CRIMINAL APPEALS
## CR-05-1849

LARRY DOUGLAS CHILDERS      *

APPELLANT, pro-se      *

     * Circuit Court

V      * Case No. CC 95-31.61

     *

STATE OF ALABAMA,      *     Exhibit (N)

       APPELLEE      *

## APPEAL
### PURSUANT YO RULE 32 AND THE 5TH & 14TH AMMENDMENTS TO THE UNITED STATES CONSTITUTION

**Comes Now**, the Appellant, Larry Douglas Childers, pro-se, and Files this Appeal for the following reasons, to wit:

1. Appellant was denied his rights to self-incrimination under the 5th Amendment and under Miranda V Arizona, 384 U.S. 436-437 16 Led 2nd 694 86 S.CT. See page (10) of the Court Record that was before the Circuit Court, Nor was Exhibit (A) ever signed or notarized at any time.

2. Also see Case Action Summary, page (1) on 4-19-06 the Appellant mailed to this Court an amendment, no where in the record does it show that the amendment was filed and recorded.

3. See page (6)(E) of the Record, where newly discovered material facts exist.

4. See page (38) of the Record, it was not complete as the amendment is missing.

5. The Appellant wants to again Appeal the Record from page 29 through page 36, and all the cases sited therein.

6. See exhibit (C) where the court mailed this to the wrong address. This has something to do with the missing Amendment. See page 26 showing the Amendment.

7. Appellant wants to Appeal page 21 through 23 of the Record.

8. Appellant wants this Honorable Court to take a long and careful look at exhibit (A) page 12 through 14 of the Record. Appellant is not lettered in law and files this Appeal pro-se and any further Relief this Honorable Court deems just. Also these Documents are not signed or Notarized. This Honorable Court reversed this Case once, see 640 So 2d 19 Al. Crim. App (1994)

Respectfully Submitted on this the _7_ day of _Aug_ ,2006, pursuant to 1746 under penalty of perjury.

Larry Douglas Childers
Appellant, pro-se

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that A True Copy of the foregoing was mailed to the Clerk of the Alabama Court of Criminal Appeals, along with a copy to be placed in the Attorney General's Drop Box in the Clerks Office, on this the ___7___ day of __Aug___, 2006.

*Larry Douglas Childers*
Larry Douglas Childers
Appellant, pro-se
P.O. Box 150
Mt. Meigs, Al 36057

3

Notice: This unpublished memorandum should not be cited as precedent.  See Rule 54, Ala.R.App.P.  Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals

### State of Alabama
### Judicial Building, 300 Dexter Avenue
### P. O. Box 301555
### Montgomery, AL 36130-1555





**H.W."BUCKY" McMILLAN**
**Presiding Judge**
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
**Judges**

**Lane W. Mann**
**Clerk**
**Gerri Robinson**
**Assistant Clerk**
**(334) 242-4590**
**Fax (334) 242-4689**

## MEMORANDUM

CR-05-1849                Colbert Circuit Court CC-95-31.61

<u>Larry Douglas Childers v. State of Alabama</u>

WISE, Judge.

The appellant, Larry Douglas Childers, appeals from the circuit court's denial of his petition for postconviction relief, filed pursuant to Rule 32, Ala.R.Crim.P., in which he attacked his April 1995 conviction for manslaughter and his resulting sentence of 20 years' imprisonment.  On April 19, 1996, this Court affirmed Childers's conviction and sentence, by unpublished memorandum. <u>Childers v. State</u> (No. CR-94-2162), 687 So. 2d 228 (Ala.Crim.App. 1996) (table).  A certificate of judgment was issued on September 6, 1996.

Childers's first Rule 32 petition was denied by the trial court and on October 17, 1997 this Court affirmed the trial

1

court's denial, by unpublished memorandum. <u>Childers v. State</u> (No. CR-96-1828), 727 So. 2d 184 (Ala.Crim.App. 1997) (table). On March 26, 2006, Childers filed the instant Rule 32 petition wherein he argued that newly discovered evidence shows that his constitutional rights were violated because, he said, that he was not advised of his "<u>Miranda</u>"[1] rights when arrested. On April 6, 2006, the State filed a motion to dismiss wherein it argued that Childers's petition was both precluded from appellate review and without merit. On April 11, 2006, the trial court issued an order denying Childers's petition. This appeal followed.

On appeal, Childers reasserts the claim he presented in his petition to the trial court.

Childers argues that newly discovered evidence shows that his constitutional rights were violated because, he said, that he was not given a <u>Miranda</u> warning when arrested. Constitutional claims are nonjurisdictional and thus is subject to the procedural bars set forth in Rule 32, Ala.R.Crim.P.; <u>Brown v. State</u>, 724 So. 2d 50 (Ala.Crim.App. 1997). As a result, this claim is precluded from appellate review by Rules 32.2(a)(3), 32.2(a)(5) and 32.2(c), as it could have been raised at trial or on appeal and because it was filed outside the statute of limitations for filing nonjurisdictional claims. <u>Tubbs v. State</u>, 931 So. 2d 66, 67 (Ala.Crim.App. 2005). Therefore, this claim fails.

Rule 32.7(d), Ala.R.Crim.P., authorizes the trial court to summarily dismiss a petitioner's Rule 32 petition:

"[i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings, the court may either dismiss the petition or grant leave to file an amended petition."

See also <u>Hannon v. State</u>, 861 So. 2d 426, 427 (Ala.Crim.App.

---

[1]<u>Miranda v. Arizona</u>, 384 U.S. 436 (1966).

2

2003); <u>Cogman v. State</u>, 852 So. 2d 191, 193 (Ala.Crim.App. 2002); <u>Tatum v. State</u>, 607 So. 2d 383, 384 (Ala.Crim.App. 1992). As discussed above, Childers's claim was precluded from appellate review. Thus, summary disposition was appropriate.

Based on the foregoing, the judgment of the trial court is affirmed.

**AFFIRMED.**

McMillan, P.J., concurs. Cobb, Baschab, and Shaw, JJ., concur in the result.

CR 05-1849

In the COURT of CRIMINAL APPEALS
of ALABAMA

♦

Larry D. CHILDERS,

Appellant, (Pro-Se)

V.

STATE of ALABAMA,

Apellee.

*Exhibit P*

♦

On Appeal From the Circuit Court of
Colbert County (CC 95-31,61)

## TRAVERSE TO THE BRIEF OF APPELLEE PURSUANT TO THE CONSTITUTION OF THE UNITED STATES OR OF THE STATE OF ALABAMA 14TH AMENDMENT, 6TH AND 5TH AMENDMENT TO THE UNITED STATES CONSTITUTION

# STATEMENT REGARDING ORAL ARGUMENT

Appellant does not request oral argument

i

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL AGRUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .i

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .iii

STATEMENT OF THE CASE AND FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1-2

RELIEF SOUGHT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

<u>**TABLE OF AUTHORITIES**</u>

**Rules**

<u>Alabama Rules of Criminal Procedure,</u>

Rule 32.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Rule 32.1 (E) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Rule 24 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

Rule 32.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

Rule 32.2 (2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

Comes now Larry D. Childers, and files the following answer to the Appellee's Brief (Pro-Se).

## STATEMENT OF THE CASE AND FACTS

(I)     Appellee has not filed anything whatsoever to the thrust of this case.  Appellee has completely avoided the rules relevant to what was filed loud and clear in appellant's original petition to the Circuit Court and to this Honorable Court of Criminal Appeals.  None of the "Razzle Dazzle" in the Attorney General's Brief addresses the Appellants original complaint.

(II)    Sec. Rule 32.1 "Scope of Remedy" the Attorney General filed everything here except what this Rule 32.1 is about.  Sec. Rule 32.1 (E) Newly discovered material facts exist which require that the conviction or sentence be vacated by court because (1) the facts relied upon were not known by the petitioner or the petitioner's counsel at the time of trial or sentencing or (2) in time to file a post-trial motion pursuant to Rule (24) or (3) in time to be included in any previous collateral proceeding and could not have been discovered by any of those times through the exercise of reasonable diligence.  Appellant's Attorney of Record, Donald Holt, is now deceased.  Sec. (4)

(III)   Rule 32.2 (B) Perclusion of Remedy.  Successive petitions.  This petition has no relevance of prior Rule 32 motions.  This seems to be a big thing with the Attorney General's response.

(IV)    32.2 (2)  The petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable

-1-

## STATEMENT OF THE CASE AND FACTS (cont'd)

diligence when the first petition was heard and that failure to entertain the petition will result in a miscarriage of justice.

(V)    Appellant got his first copy of his P.S.I in March of 2006.  It took Appellant all this time to get his P.S.I. because he had been turned down for parole several times and was told that denial of parole could be based on a defective P.S.I.  At that time the Appellant had his daughter contact the office of his now deceased attorney in order to "finally" obtain a copy of his P.S.I that is before this Court. After reading and studying the P.S.I, Appellant found out that the statements included in it were only "attached" without any affidavits or signatures. Appellant then became aware of the Miranda warning violation that this court can plainly see upon reviewing the P.S.I.  The parole officer responsible for the P.S.I. had no comments to write in her formal and legal application.  She attached these invalid statements to her report.  The violated Appellant's Constitutional Rights at sentencing and his parole hearings.

-2-

## **RELIEF SOUGHT**

This Honorable Court will at least order an evidentiary hearing or new sentencing to

correct this Constitutional Violation as it continues to keep Appellant from having a fair

parole hearing and any further relief this court deems just even to the appointment of

counsel as Appellants unlettered in law.


Dated this 14th day of September, 2006
Pursuant to 28 U.S.C. 1746 under penalty of perjury.

*Larry D Childers*
Larry Childers AIS# 189222
P.O. Box 150
Mt. Meigs, AL 36057

-3-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 14th day of September, 2006, I served a copy of the foregoing

on the Appellee by placing the same in the U.S. Mail, postage paid by and addressed as

follows:


Address of Counsel
Office of the Attorney General
Criminal Appeals Division
11th South Union St.
Montgomery, AL 36130



_Larry D. Childers_
Larry D. Childers, Appellant (Pro-Se)
AIS# 189222
P.O. Box 150
Mt. Meigs, AL 36057

-4-

Exhibit                (R)

LARRY DOUGLAS Childers  )
            Petitioner       )
                             )
V                            )    CASE # CR-05-1849, CC-95-3161
                             )
STATE OF ALABAMA             )

Motion TO RE-Consider
Or leave to Appeal to the Supreme Court
Comes now the petitioner And moves
this Honorable Court to RE-Consider its Opinion of Oct 27th
2006 For the Following reasons to witt.

    I It would have been impossible to raise
these Grounds, when they were unknowne At the time. that is
why this Appeal was Filed under Newly Discovered Evidence
As A result this claim could not be precluded From
Appellate review by Rules 32.2 (A)(3) 32.2 (a)5 And
32.2 (c) it could not have been raised As the Appellant
And his Retained counsel did not see or have these
Statements.
              II At no time did this Appeals court
ever Address the issues raised on these Statements been
Notarized or Signed by the witness that these was true
or who wrote them out. they are not legal documents.
Dated this 9th Day of Nov 2006                Respectfully Submitted
28 U.S.C. 1746  Penalty of Perjury.    Larry D Childers

# THE STATE OF ALABAMA - - JUDICIAL DEPARTMENT
# THE ALABAMA COURT OF CRIMINAL APPEALS

**CR-05-1849**

Larry Douglas Childers v. State of Alabama  (Appeal from Colbert  Circuit Court:
CC95-31.61)

## CERTIFICATE OF JUDGMENT

WHEREAS, the appeal in the above referenced cause has been duly submitted and considered by the Court of Criminal Appeals; and

WHEREAS, the judgment indicated below was entered in this cause on October 27th 2006:

### Affirmed by Memorandum.

NOW, THEREFORE, pursuant to Rule 41 of the Alabama Rules of Appellate Procedure, it is hereby certified that the aforesaid judgment is final.

**Witness. Lane W. Mann, Clerk
Court of Criminal Appeals, on this
the 17th day of November, 2006.**

**Clerk
Court of Criminal Appeals
State of Alabama**

cc: Hon. Harold V. Hughston, Jr., Special TC Judge
Hon. C. Phillip Bowling, Circuit Clerk
Larry Douglas Childers, Pro Se
Stephen N. Dodd, Asst. Atty. Gen.

Exhibit (U)

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

Lane W. Mann
  Clerk
Gerri Robinson
  Assistant Clerk



P. O. Box 301555
Montgomery, AL 36130-1555
(334) 242-4590
Fax (334) 242-4689

December 1, 2006

**CR-05-1849**

Larry Douglas Childers v. State of Alabama  (Appeal from Colbert  Circuit Court:
CC95-31.61)

## NOTICE

You are hereby notified that on December 1, 2006 the following action was taken in the above referenced cause by the Court of Criminal Appeals:

On Rehearing Ex Mero Motu.

**Lane W. Mann, Clerk**
**Court of Criminal Appeals**

cc: Hon. C. Phillip Bowling, Circuit Clerk
    Larry Douglas Childers, Pro Se
    Stephen N. Dodd, Asst. Atty. Gen.

Exhibit V

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA

**H. W. "BUCKY" McMILLAN**
**Presiding Judge**
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
**Judges**



**Lane W. Mann**
**Clerk**
**Gerri Robinson**
**Assistant Clerk**
**(334) 242-4590**
**Fax (334) 242-4689**

## CR-05-1849

Larry Douglas Childers v. State of Alabama  (Appeal from Colbert  Circuit Court:
CC95-31.61)

## <u>ORDER</u>

The Court of Criminal Appeals ORDERS that the certificate of judgment issued by this
Court on November 17, 2006 be, and the same is hereby, recalled.

**Done this the 1st day of December, 2006.**

H. W. "Bucky" McMillan, Presiding Judge
Court of Criminal Appeals

cc: Hon. Harold V. Hughston, Jr., Special TC Judge
Hon. C. Phillip Bowling, Circuit Clerk
Larry Douglas Childers, Pro Se
Stephen N. Dodd, Asst. Atty. Gen.

# SUPREME COURT OF ALABAMA

Robert G. Esdale
  Clerk
Lynn Knight
  Assistant Clerk



Office of the Clerk
300 Dexter Avenue
Montgomery, AL 36104-3741
(334) 242-4609

## 1060830

Ex parte Larry Douglas Childers.  PETITION FOR WRIT OF CERTIORARI TO THE
CRIMINAL OF CRIMINAL APPEALS  (In re: Larry Douglas Childers v. State of Alabama)
(Colbert Circuit Court: CC95-31.61; Criminal Appeals : CR-05-1849).

*Exhibit (X)*

### NOTICE

You are hereby notified that your case has been docketed.  Future correspondence should
refer to above Supreme Court case number.  The petition for writ of certiorari was filed with
the Supreme Court on 03/05/2007

## AMENDMENTS TO THE RULES OF APPELLATE PROCEDURE

RECENT APPELLATE RULE AMENDMENTS:  Counsel and parties should review recent
amendments to the Alabama Rules of Appellate Procedure, effective June 1, 2005 and
October 31, 2005.  The amendments can also be found under "Rule Changes" at the Judicial
System website at http://www.judicial.state.al.us.

APPELLATE MEDIATION:  On July 17, 2003, the Supreme Court of Alabama adopted
Rule 55, Alabama Rules of Appellate Procedure, which provides for appellate mediation of
civil appeals.  On January 6, 2004, the Supreme Court of Alabama adopted the Alabama
Appellate Mediation Rules.  The rules and any amendments can be accessed at
http://www.judicial.state.al.us/mediation.  Any counseled civil case may be referred to
appellate mediation by the Appellate Mediation Administrator.

SIGNATURE ON BRIEFS: Newly adopted Rule 25A, Alabama Rules of Appellate
Procedure, requires that appellate documents be signed by at least one attorney of record
or, in a case in which the party is proceeding pro se, by the party.  The rule provides that any
unsigned document shall be stricken unless the omission is promptly corrected after it is
called to the attention of the attorney or party filing it.

PETITIONS FOR WRIT OF CERTIORARI:  Rule 39 has been amended, effective June 1
and October 31, 2005, to provide that no briefs in support of or in response to a petition for
writ of certiorari shall be filed before the writ of certiorari issues unless otherwise ordered by
the Court.   Any brief filed in disregard of subsection (b)(4) or subsection (c)(3) of Rule 39
shall be stricken.

Exhibit (x)

IN the Supreme Court of State Alabama
For Certiorair

Larry Douglas Childers       )
        petitioner pro.se )     Case# Appeals Court CR-05-1849
V                            )                Ciruit Court PC 95-3161
State Of Alabama             )
        Defendant            )

motion For Certiorair
To the Suprem Court
OF Alabama

        Comes Now the petitioner Larry D
Childers And Files this motion After A Dismissal
OF Case CR-05-1849 OF the Court OF Criminal Appeals
Dated 27th February, 2007.
        I this is A timely File motion to
Appeal this Case to the Supreme Court OF Alabame

                        Respectfully Submitted
                        Larry D Childers
Dated this 5th day of    189222
March 2007 Pursuant      Pob 150
To 28.U.S.e. 1746        Mt Meigs Ala 36057

# IN THE SUPREME COURT OF ALABAMA

March 12, 2007

**1060830**

Ex parte Larry Douglas Childers.  PETITION FOR WRIT OF CERTIORARI TO THE CRIMINAL OF CRIMINAL APPEALS  (In re: Larry Douglas Childers v. State of Alabama)    (Colbert Circuit Court: CC95-31.61; Criminal Appeals : CR-05-1849).

## ORDER

IT IS ORDERED that the petition for writ of certiorari filed on March 5, 2007, is dismissed pursuant to Rule 2(c), Alabama Rules of Appellate Procedure, as untimely filed.

I, Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.

Witness my hand this 12th day of    March    2007

*Robert G Esdale Sr*

**Clerk, Supreme Court of Alabama**

cc:
Larry Douglas Childers, Pro Se
Hon. Troy R. King, Attorney General
Hon. Stephen N. Dodd, Asst. Attorney General

Exhibit (4)

/ag

```
ACRO370              ALABAMA JUDICIAL INFORMATION SYSTEM    CASE: CC 1995 000031.61
OPER: CRJ                       CASE ACTION SUMMARY
PAGE:   1                       CIRCUIT  CRIMINAL            RUN DATE: 04/04/2006

IN  E CIRCUIT COURT OF  COLBERT                                     JUDGE: HVH

STATE OF  ALABAMA                    VS    CHILDERS LARRY DOUGLAS
                                           RT. 2, BOX 26
CASE: CC 1995 000031.61
                                           TOWN CREEK, AL  35672 0000

DOB: 01/21/1948       SEX: M  RACE: W  HT: 0 00  WT: 000   HR:      EYES:
SSN: 422649772  ALIAS NAMES:
CHARGE01: RULE 32-FELONY        CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                   AGENCY/OFFICER:

DATE WAR/CAP ISS:                    DATE ARRESTED:
DATE     INDICTED:                   DATE     FILED: 03/28/2006
DATE   RELEASED:                     DATE  HEARING:
   BOND AMOUNT:           $.00          SURETIES:

DATE 1:          DESC:               TIME: 0000
DATE 2:          DESC:               TIME: 0000

TRACKING NOS:                    /                           Exhibit (I)

   DEF/ATY:                          TYPE:                          TYPE:

                        00000                        00000

PROSECUTOR:
```

```
OTH CSE:   000000000000 CHK/TICKET NO:             GRAND JURY:
CO  T REPORTER: _____ SID NO:  000000000
DI  TATUS: BOND                 DEMAND:                     OPER: CRJ
  TRANS DATE      ACTIONS, JUDGEMENTS, AND NOTES                     OPE
```

| TRANS DATE | ACTIONS, JUDGEMENTS, AND NOTES | | OPE |
|---|---|---|---|
| 04/04/2006 | ASSIGNED TO: (HVH) | (AR01) | CRJ |
| 04/04/2006 | INITIAL STATUS SET TO: "B" - BOND | (AR01) | CRJ |
| 04/04/2006 | FILED ON: 03/28/2006 | (AR01) | CRJ |
| 04/04/2006 | CHARGE 01: RULE 32-FELONY/#CNTS: 001 | (AR01) | CRJ |
| 04/04/2006 | CASE ACTION SUMMARY PRINTED | (AR08) | CRJ |
| 04/04/2006 | JUDGE ID CHANGED FROM: NPT TO: HVH | (AR01) | CRJ |
| 04/04/2006 | CASE ACTION SUMMARY PRINTED | (AR08) | CRJ |
| 4-6-06 | Motion To Dismiss | | |
| 4-11-06 | Order - Petitioner's Request to Proceed In Forma Pauperis Is Granted; State's Motion to Dismiss Is Granted; Petitioner's Relief from Conviction of Sentence (Rule 32) Is Dismissed | | |
| 4-19-06 | | | |
| 5-1-06 | Order: Motion For Relief Denied | | |
| 5-4-06 | Motion For Reconsideration Or in The Alternate Leave To Appeal To The Court Of Criminal Appeals | | |
| 5-30-06 | Order Motion For Reconsideration is Denied | | |
| 21-06 | Motion To Appeal | | |
| 6-23-06 | Notice of Appeal Mailed To Court of Criminal Appeals | | |