IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LARRY DOUGLAS CHILDERS, SR., ) | |
| AIS #189222, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:07-CV-252-ID |
| ) | [WO] |
| ) | |
| TERRANCE McDONNELL, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Larry Douglas Childers ["Childers"], a state inmate presently incarcerated at the Kilby Correctional Facility, on March 19, 2007.[1] In this petition, Childers challenges a 1995 conviction for manslaughter imposed upon him by the Circuit Court of Colbert County, Alabama.[2]

---

[1] Although the Clerk of this court stamped the present petition "filed" on March 22, 2007, Childers signed the petition on March 19, 2007. *Petition for Writ of Habeas Corpus* at 7. The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Childers] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers March 19, 2007 as the date of filing.

[2] The court notes that Colbert County is located within the Northern District of Alabama. Under this circumstance, the usual practice of this court is to transfer such case to the United States District Court for the Northern District of Alabama for review and disposition. However, as discussed herein, because the instant petition is a successive petition over which no federal court has jurisdiction the court deems it appropriate to summarily dismiss this case.

## DISCUSSION

A review of the records of the federal courts of this state indicates that Childers filed a previous habeas petition pursuant to the provisions of 28 U.S.C. § 2254 challenging the 1995 manslaughter conviction imposed upon him by the Circuit Court of Colbert County. *Childers v. Hightower, et al.*, Civil Action No. 97-RRA-1537-NW (N.D. Ala. 1998). In this prior habeas action, the United States District Court for the Northern District of Alabama denied Childers relief from his Colbert County conviction.

Pursuant to the provisions of 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C). It is clear from the pleadings filed by Childers that he has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing a federal district court to consider a successive application for habeas relief. "Because this undertaking [is Childers'] second habeas corpus petition and because he had no permission from [the

Eleventh Circuit] to file a second habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the present petition for habeas corpus relief is due to be dismissed. *Id.* at 934.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the undersigned Magistrate Judge that:

1. The 28 U.S.C. § 2254 petition for habeas corpus relief filed by filed by Larry Douglas Childers, Sr. on March 19, 2007 be DENIED.

2. This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as Childers has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.[3]

It is further

ORDERED that on or before April 6, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive

---

[3] The court notes that any § 2254 petition filed by the petitioner is likewise subject to the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1). Moreover, the court finds that there are no circumstances present in this case which "would entitle [Childers] in the interest of justice to transfer [pursuant to 28 U.S.C. § 1631] or stay . . . because the limitations period had already expired before he filed" the instant habeas action. *Guenther v. Holt*, 173 F.3d 1328, 1330-1331 (11th Cir. 1999).

or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 23rd day of March, 2007.

    /s/Terry F. Moorer
    TERRY F. MOORER
    UNITED STATES MAGISTRATE JUDGE